CAMPBELL & HENGST *v.* DOUTHIT.

Opinion delivered February 8, 1926.

1. STATUTES—EJUSDEM GENERIS.—Under Crawford & Moses' Dig., § 375, making it unlawful to leave "any shaft, well or other opening uncovered on any uninclosed land," the words "or other opening" are not limited to openings of the nature of shafts or wells.

2. NEGLIGENCE—OPEN SHAFTS OF WELLS.—Crawford & Moses' Dig., § 375, making it unlawful to leave a "shaft, well or other opening" uncovered on uninclosed land, is not applicable where the opening was made as a part of the construction work of laying the sewer, and was temporarily left uncovered during the progress of the work.

3. NEGLIGENCE—UNINCLOSED OPENING IN ALLEY—STOCK LAW.—It was not negligence to leave a sewer opening in an uninclosed alley temporarily in the prosecution of the work, so far as concerns the protection of animals, where a stock law was in force, since it was not to be anticipated that animals would be running at large in the prohibited territory.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; reversed.

*Henry Collins* and *Abe Collins,* for appellant.

*Lake, Lake & Carlton,* for appellee.

McCULLOCH, C. J. This is an action instituted by appellee against appellants to recover the value of a mule, the loss of which is alleged to have been caused by an unlawful act of appellants in leaving uncovered and unprotected a trench along an alley in the city of DeQueen.

The facts are that appellants were contractors with an improvement district, constructing a system of sewers in the city of DeQueen, and that they dug a trench about five feet deep and two feet wide along an alley for the purpose of laying sewer pipe, that they left the trench open over night, and the mule fell into it and died. There was an ordinance prohibiting the running of stock at large in the city, but, according to the evidence, the mule owned by appellee broke out of his lot without any fault on appellee's part, and wandered through the alley and fell into the ditch. According to the testimony,

appellants, in carrying out their contract, would dig a trench and lay the pipe with a shallow covering of dirt, and would wait to back-fill it until the inspector in charge of the work could make an inspection. There was about 300 feet of the open trench running along the alley, and it was left open during the night, because it was too near the close of the work hour for the inspector to make an inspection. The mule was found in the ditch, having walked along the ditch for a distance of about seventy-five feet after it fell in. Appellants put out red lights as warnings along the open ditch, but did not cover it or protect it in any other way.

Appellee relied upon the following statute as imposing absolute liability:

"Section 375. It shall be unlawful for any corporation, company, individual, person or association of persons to leave any shaft, well or other opening uncovered on any uninclosed land. Every corporation, company, individual, person, or association of persons who shall dig any such shaft, well, or other opening, whether for the purpose of mining or other purpose, shall be required to securely inclose the same, or cover and keep covered with strong and sufficient covering." Crawford & Moses' Digest.

It is, on the other hand, the contention of appellants that the statute only applies to openings which come strictly within the definition of a shaft or well, and that the words, "or other opening," must be construed, under the doctrine of *ejusdem generis,* to refer only to openings of similar nature.

Without entering into any discussion of the merits of that contention, we deem it sufficient to say that the question is decided against the contention of appellants in the case of *American B. & L. Assn.* v. *State,* 147 Ark. 80. We are of the opinion, however, that the facts of this case, where the opening was made as a part of the construction work of laying the sewer and was temporarily left uncovered during the progress of the work, do not

come within the terms of the statute. We think that the statute reaches only to instances where the opening is left permanently or indefinitely, and not merely during the progress of construction, otherwise the statute would be so harsh as to lead to an absurdity, for it would be a violation of the statute to turn aside, even momentarily, without covering the opening. The facts of the present case illustrate the absurdity of adopting a construction of the statute which would require the covering of a trench temporarily. Trenches for laying sewers are dug along streets and alleys, and it would be an unnecessary burden to require covering at all times. Of course, those who are in charge of the work must use ordinary care to protect against danger, but the language of the statute does not justify the interpretation that it was intended to require the covering of a sewer trench temporarily left open during the progress of construction work. The trial court erred in holding that the statute applied, and this error calls for a reversal of the judgment.

The facts are not sufficient to warrant a submission to the jury of the issue of negligence. According to the undisputed evidence, appellants placed red lights as danger signals along the ditch at night, but these signals would serve no purpose, so far as concerns the protection of animals; but there was a stock law in force, and it was not reasonable to anticipate that stock would be running at large. Of course, if the statute does apply, then there would be liability, notwithstanding the prohibition against stock running at large, but since it turns merely upon the question of ordinary care upon the part of those who were in charge of the work, we think it should be said as a matter of law that animals running at large in prohibited territory was not to be anticipated, and it was not negligence to fail to provide protection. All of the danger reasonably to be anticipated was provided against by the placing of red lights as signals to protect persons going that way.

The case being fully developed and as we are of the opinion that there is no liability upon any theory, no useful purpose would be served in sending the case back for a new trial.

The judgment is reversed, and the cause will be dismissed.